**THOMAS, Admr., Plaintiff-Appellant, v. WILLIAMS, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 665. Decided November 30, 1948.

T. A. Billingsley, Floyd D. Smith, Greenville, for plaintiff-appellant.

Richard E. Hole, Greenville, Benoy & Sebastian, Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This is a law appeal from the judgment of the Court of Common Pleas for Darke County, Ohio, sustaining a motion for a directed verdict. The action seeks recovery for the wrongful death of the plaintiff's decedent while a guest passenger in the defendant's automobile.

The sole question presented is whether the alleged misconduct of the defendant was wilful and wanton.

Without reviewing the evidence it is sufficient to say that all of the acts complained of were acts of omission and not of commission. The defendant failed to see the signs for the railroad crossing and failed to see the train on the crossing in time to stop his automobile because of a heavy fog. As a result he ran into the train causing the injuries complained of, although he made every effort possible to stop and avoid

the collision after discovering the danger. The defendant testified that he knew there was a railroad crossing on the highway, but he did not know its exact proximity. The evidence clearly shows that he drove his car at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead. This in itself would constitute ordinary negligence and would not amount to wilful and wanton misconduct. We find no evidence in the record which manifests a disposition to perversity as required in the **Universal Concrete Pipe Company v. Bassett, 130 Oh St 568.** The evidence most favorable to the plaintiff merely shows that the defendant was guilty of negligence. This cannot amount to wilful and wanton misconduct in the absence of further proof. The record discloses that the defendant was driving at a speed of approximately 28 miles per hour in a fog which permitted a visibility of 20 feet ahead. The defendant testified that he was observing the center line of the highway in order to keep on his proper side of the road. Driving an automobile at such speed through the fog in such a manner does not demonstrate a disposition to perversity.

Counsel for the appellant quotes at length from the case of **Tighe v. Diamond, 149 Oh St 520.** The facts in that case differ from those in the case at bar, in that there the defendant specifically told the plaintiff that he was going to give his passengers a thrill by driving at a high rate of speed over a hump in the road, knowing that it would throw them off their seats up in the air. One of the passengers protested, telling him that he was driving too fast, but in spite of the protest he drove over the hump at a speed of approximately 60 miles per hour. As a result the car went out of control resulting in serious injury to the guest passengers. The Tighe case, supra, clearly sets forth the requirements necessary to constitute wilful and wanton misconduct, which we think are unnecessary to restate.

We are of the opinion that the trial court properly sustained the motion for a directed verdict.

The appellant urges that the Court erred in overruling plaintiff's motion for a new trial on the grounds of newly discovered evidence. The Court found that the appellant failed to exercise due diligence to discover this new evidence, and in addition, it would not have changed the result.

We are in full accord with these conclusions by the trial Court. The motion for a new trial was properly overruled.

The judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.